ERB LUMBER COMPANY, f.d.b.a. Material Distributors, Appellee,

v.

L&J HARDWOOD FLOORING, INC., Appellant.

[Cite as *ERB Lumber Co. v. L&J Hardwood Flooring, Inc.* (1997), 118 Ohio App.3d 421.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950501.

Decided Feb. 26, 1997.

*Klein Law Office* and *Stephen E. Klein*, for appellee.

*Montgomery, Rennie & Jonson* and *George D. Jonson*; *Boehm, Kurtz & Lowry* and *John P. Lowry*, for appellant.

---

*Per Curiam.*

Defendant-appellant L&J Hardwood Flooring, Inc.[1] ("L&J") is a partnership which installs custom hardwood floors. From 1989 through 1992, L&J purchased the lumber for a substantial number of its jobs from plaintiff-appellee ERB Lumber Company ("ERB"). During that time, ERB failed to charge and L&J failed to pay sales tax on the lumber purchases. ERB was audited by the Ohio Department of Taxation and assessed the amount of sales tax which it failed to collect, penalties and interest in the amount of $36,728.12. ERB paid the assessment.

ERB filed the within complaint seeking reimbursement from L&J for the assessment paid to the Ohio Department of Taxation. In its complaint, ERB contended that L&J was liable for the amount of the assessment pursuant to R.C. 5739.03 and 5739.13. L&J filed a counterclaim alleging breach of contract, promissory estoppel, and fraud. Both parties filed motions for summary judgment.

Joseph A. Amundson, a partner of L&J, testified in his deposition that he based his bids to customers for the installation of hardwood floors on ERB's quotes for lumber prices. Amundson further testified that he was told by ERB that the prices quoted for lumber included sales tax. Amundson stated that L&J did not collect sales tax separately from its customers, nor did it build any amount to cover sales tax into its bids because L&J believed that sales tax was included in the lumber prices quoted by ERB.

Terry C. Inscho, ERB's flooring manager, was L&J's contact for lumber price quotes during the years in question. Inscho testified in his deposition that the lumber price quotes did not include sales tax and that he did not tell L&J that the quotes included sales tax. Inscho testified that ERB did not collect sales tax from all flooring contractors because some computed and paid their own sales tax. Inscho stated that ERB's computer program was mistakenly set up so that L&J was not charged sales tax. Inscho stated that the same mistake may have been made on other occasions. Inscho admitted that ERB did not have on file a certificate of sales tax exemption from L&J. Inscho also stated that L&J should have noticed on its invoices from ERB that it was not charged sales tax.

---

1. Appellant's proper business name is L&J Custom Hardwood Flooring Company.

The trial court granted ERB's motion for summary judgment, denied L&J's motion for summary judgment, and rendered judgment against L&J on its counterclaim. The trial court awarded ERB $36,728.12 plus interest. L&J appealed.

L&J raises three assignments of error, which will be considered together. They allege:

"The trial court erred in granting plaintiff's motion for summary judgment pursuant to R.C. 5739.13;

"The trial court erred in dismissing defendant's counterclaim for breach of contract, fraud and promissory estoppel [2];

"The trial court erred in holding defendant liable for interest and penalties, in addition to the sales tax." (Footnote added.)

R.C. 5739.03 states that the sales tax imposed "shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable." R.C. 5739.13(A) provides:

"If any vendor fails to collect the tax or any consumer fails to pay the tax * * * the vendor or consumer shall be personally liable for the amount of the tax applicable to the transaction.

" * * *

"The commissioner may make an assessment against either the vendor or consumer, as the facts may require, based upon any information in the commissioner's possession.

" * * *

"An assessment against a vendor when the tax * * * has not been collected or paid, shall not discharge the purchaser's or consumer's liability to reimburse the vendor for the tax applicable to such transaction."

■■ L&J argues that R.C. 5739.13 does not create a private right of action in favor of a vendor and that ERB's complaint failed to allege a common-law cause of action; therefore, L&J argues, ERB did not state a claim for relief. L&J further argues that even if R.C. 5739.13 creates a right of action in favor of ERB for reimbursement, the statute does not preclude the assertion by L&J of the common-law claims set forth in its counterclaim. L&J also argues that, in any case, it is not liable for reimbursement of any penalties and interest.

---

**2.** The trial court's judgment entry did not dismiss L&J's counterclaim; it stated that L&J's motion for summary judgment was overruled and that, therefore, judgment was rendered against L&J on its counterclaim.

The Ohio statutory scheme puts the burden of collecting the sales tax on the vendor and the burden of paying the sales tax on the consumer. The Ohio Supreme Court stated in *Buddies Lunch Sys., Inc. v. Bowers* (1960), 170 Ohio St. 410, 413, 11 O.O.2d 160, 161, 165 N.E.2d 924, 926:

"The primary intent of the Sales Tax Act is, of course, to collect tax from the consumer. The right to collect the tax from the vendor in event of non-payment of the tax by the consumer is simply to protect the state."

In *Southern Contractors Equip., Inc. v. Maiher* (1991), 62 Ohio Misc.2d 332, 598 N.E.2d 905, plaintiff did not charge defendant sales tax on the purchase of an International Harvester Crawler Loader. Plaintiff was assessed the amount of sales tax due by the Ohio Department of Taxation. Plaintiff filed a complaint to recover the amount of the assessment pursuant to R.C. 5739.13. Defendant filed a motion to dismiss the complaint based upon the statute of limitations. The court held that plaintiff's action was based on a "liability created by statute" and that, therefore, the applicable statute of limitations was six years from the time the cause of action accrued.

In *M.R.K. Enterprises v. Weekley* (Dec. 28, 1992), Warren App. No. CA92–08–071, unreported, 1992 WL 389760, defendants purchased a boat from plaintiff. The parties mistakenly believed that the transaction was exempt from sales tax. Subsequently, plaintiff paid the tax due. Defendants refused to reimburse plaintiff for the tax paid. Plaintiff filed suit. Plaintiff sent defendants requests for admissions, including item seven which asked defendants to admit that they were not discharged from reimbursing plaintiff for the tax it paid to the state of Ohio. Defendants failed to respond to the requests for admissions and they were deemed admitted. The trial court granted summary judgment in favor of plaintiff. The Twelfth District Court of Appeals affirmed the granting of summary judgment, stating:

"As alluded to in the facts, the matter that was admitted by appellants related to their failure to reimburse appellee for the sales tax that appellee paid to the state of Ohio. Such action, however, was required under R.C. 5739.13. We find that appellants' admissions, along with appellee's affirmative showing that no genuine issue existed as to any material fact, entitled appellee to judgment as a matter of law." *Id.*

The import of the holdings in *Southern Contractors* and *M.R.K. Enterprises* is that R.C. 5739.13 does provide a right of action for reimbursement on the part of ERB, a vendor that has paid the sales tax assessment, against L&J, the consumer. However, nothing in R.C. 5739.13 precludes the assertion of L&J's common-law claims for breach of contract, promissory estoppel, and fraud. Therefore, the trial court's granting of summary judgment in favor of ERB must

be reversed, and the cause must be remanded so that the trial court can consider the merits of the common-law claims asserted by L&J in its counterclaim.

L&J's assignments of error are sustained solely for the reasons set forth above. The judgment of the trial court is reversed, and the cause is remanded for consideration by the trial court of the merits of L&J's common-law claims and for further proceedings consistent with law and this decision.

*Judgment accordingly.*

MARIANNA BROWN BETTMAN, P.J., DOAN and GORMAN, JJ., concur.